ARTURO M. CISNEROS, #120494
NATHAN F. SMITH, #264635
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive
Irvine, California 92612
Phone: (949) 252-9400
Fax: (949) 252-1032
Email: nathan@mclaw.org

*Attorneys for Chapter 7 Trustee, Thomas H. Casey*

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>GIANG THANH DONG and MARY TRAN NGUYEN,<br><br>Debtors.<br><br>———————————————<br><br>THOMAS H. CASEY, solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate of Giang Thanh Dong and Mary Tran Nguyen,<br><br>Plaintiff,<br><br>v.<br><br>CA PROPMGT LLC, a California limited liability company,<br><br>Defendant. | Case No. 8:23-bk-10014-SC<br><br>Chapter 7<br><br>Adversary No.<br><br>**COMPLAINT FOR SALE OF REAL PROPERTY PURSUANT TO 11 U.S.C. § 363(h)** |

Plaintiff Thomas H. Casey, solely in his capacity as the Chapter 7 trustee ("Trustee") for the bankruptcy estate ("Estate") of Giang Thanh Dong and Mary Tran Nguyen ("Debtors"), hereby alleges as follows:

### STATEMENT OF JURISDICTION AND VENUE

1. Venue in this Court is proper pursuant to 28 U.S.C. § 1409 because this adversary proceeding arises in and relates to a case under Title 11 of the United States Code ("Bankruptcy Code") that is pending in this District: *In re Giang Thanh Dong and Mary Tran Nguyen*, United States Bankruptcy Court for the Central District of California, Santa Ana Division case number 8:23-bk-10014-SC ("Bankruptcy Case").

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157(b)(2)(A), (E), (K) and (O), and 1334 and 11 U.S.C. §§ 323 and 363.

3. This adversary proceeding is brought pursuant to Rule 7001, *et seq.* of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 363(h).

4. This is a "core" proceeding as defined by 28 U.S.C. §§ 157(b)(2)(A), (E), (K), and (O).

5. Pursuant to Local Bankruptcy Rule 7008-1, Trustee consents to entry of final orders or judgment by the Bankruptcy Court.

### PARTIES TO THE ACTION

6. On January 5, 2023 ("Petition Date"), Debtors commenced the Bankruptcy Case by filing a voluntary petition for relief under the Bankruptcy Code.

7. On January 5, 2023, Trustee was duly appointed as the Chapter 7 trustee of the Estate in the Bankruptcy Case, a capacity in which he continues to serve.

8. CA PROPMGT LLC ("Defendant") is a limited liability company organized under the laws of the State of California.

### STATEMENT OF STANDING

9. Trustee, as Trustee of Debtors' Bankruptcy Estate, has standing to bring this action pursuant to 11 U.S.C. §§ 323 and 363.

///

///

# GENERAL ALLEGATIONS

### A. The Property.

10. On January 5, 2023, Debtors filed their sworn Schedules. In Debtors' sworn Schedule A/B, they identified their interest in the real property commonly known as 15621, 15625, 15627, 15629 Williams Street, Tustin, California 92780 [APN 402-021-05] and legally described as follows:

> THE NORTHERLY 100.00 FEET OF THAT PORTION OF LOT "H" OF THE STAFFORD AND TUSTIN TRACT, AS PER MAP RECORDED IN BOOK 2, PAGE 618 OF MISCELLANEOUS MAPS, RECORDS OF ORANGE COUNTY AS DESCRIBED AS FOLLOWS:
>
> BEGINNING AT A POINT ON THE MONUMENTED CENTER LINE OF WILLIAMS STREET, SAID POINT BEING AT THE INTERSECTION OF SAID CENTER LINE WITH THE EASTERLY EXTENSION OF THE SOUTH LINE OF SAID LOT "H" OF THE STAFFORD AND TUSTIN TRACT, THENCE SOUTH 88° 16' 15" WEST ALONG THE SOUTH LINE OF SAID LOT "H" AND THE EASTERLY EXTENTION THEREOF, 158.12 FEET TO A POINT; THENCE NORTH 0° 46' 15" WEST PARALLEL TO THE MONUMENTED CENTER LINE OF WILLIAMS STREET 170.00 FEET TO A POINT; THENCE NORTH 88° 16' 15" EAST PARALLEL TO THE SOUTH LINE OF SAID LOT "H", 158.12 FEET TO A POINT ON THE CENTER LINE OF WILLIAMS STREET; THENCE SOUTH 0° 46' 15" EAST ALONG SAID CENTER LINE 170.00 FEET TO A POINT OF BEGINNING.
>
> SAID LAND IS ALSO KNOWN AS PARCEL 1 OF BOOK 52, PAGE 10 OF PARCEL MAPS

("Property"), which they valued at "Unknown."

11. In Debtors' sworn Schedule D, they identify a $847,910 lien against the Property in favor of Shellpoint Mortgage Servicing.

12. In Debtors' sworn Amended Schedule A/B, they identified their interest in the Property and valued it at $1,583,300.

13. Trustee is informed, believes, and thereon alleges that the true value of the Property is between approximately $1,800,000 and $2,000,000.

### B. The Transfers of the Property to Mary Nguyen and Davit Dat Nguyen.

14. On May 2, 2006, a Trust Transfer Deed, whereby Nguyen's parents, Victor and Phuong Nguyen, conveyed their interest in the Property to themselves as trustees of the V & P Family Trust, Dated April 8, 2006 ("Trust"), was recorded against the Property in the Official Records of the Orange

1  County Recorder's Office as document 2006000295602.

2    15.    On December 15, 2007, a Grant Deed, whereby Victor Nguyen as Trustee, conveyed the Property to Nguyen and David Dat Nguyen, as trustees of the Trust was recorded against the Property in the Official Records of the Orange County Recorder's Office as document 2007000736660.

    16.    On February 11, 2021, a corrective deed, which provides that the December 15, 2007 conveyance was to Nguyen and David Dat Nguyen as tenants-in-common, each as to a 50% interest, was recorded against the Property in the Official Records of the Orange County Recorder's Office as document 2021000098114.

    17.    On June 2, 2021, the corrective deed was again recorded against the Property in the Official Records of the Orange County Recorder's Office as document 2021000356896.

**C.    The Creation of Williams Land Trust and Defendant.**

    18.    On December 14, 2021, Defendant was registered as a limited liability company under the laws of the State of California.

    19.    According to Defendant's Operating Agreement, Debtor Giang Dong is the manager of Defendant and is authorized to make all decisions regarding Defendant's operations and legal affairs, including, but not limited to, the sale development, lease or other disposition of Defendant's assets.

    20.    According to Defendant's Operating Agreement, Debtor Mary Nguyen is one of two managing members of Defendant and a 50% owner of Defendant.  The other managing member and 50% owner of Defendant is Nguyen's brother, and non-party, David Dat Nguyen.

    21.    Defendant is an "insider" as that term is defined in 11 U.S.C. § 101(31)(A)(iv).

    22.    On December 21, 2021, Nguyen and David Dat Nguyen executed a Declaration of Land Trust Agreement, which created Williams Land Trust ("WLT"), wherein they identified Defendant as the trustee of WLT and identified themselves as the beneficiaries of WLT.

**D.    The Transfers of the Property from Mary Nguyen and David Dat Nguyen to WLT and from WLT to Defendant.**

    23.    On December 27, 2021, a Trust Transfer Deed, whereby Nguyen and David Dat Nguyen conveyed their interest in the Property to WLT was recorded against the Property in the Official Records of the Orange County Recorder's Office as document 2021000769771.

Complaint                                    4

24. On March 11, 2022, a Grant Deed, whereby WLT conveyed its interest in the Property to Defendant was recorded against the Property in the Official Records of the Orange County Recorder's Office as document 2022000097642.

**E.    The Encumbrance of the Property by Defendant.**

25. On March 9, 2022, Nguyen and David Dat Nguyen executed a promissory note in the original, principal amount of $850,000 in favor of HomeBridge Financial Services, Inc. in their individual capacities and as managing members of Defendant ("Note").

26. Also on March 9, 2022, Nguyen and David Dat Nguyen executed a deed of trust in the original, principal amount of $850,000 in favor of HomeBridge Financial Services, Inc. in their individual capacities and as managing members of Defendant ("Deed of Trust").

27. On March 11, 2022, the Deed of Trust was recorded against the Property in the Official Records of the Orange County Recorder's Office as document 2022000097643.

28. Trustee is informed, believes, and thereon alleges that approximately $850,000 is due under the loan evidenced by the Note and Deed of Trust.

**F.    Trustee's Prior Complaint Against Debtors and Defendant and Judgment Against Debtors and Defendant.**

29. On May 4, 2023, Trustee filed a complaint against Debtors and Defendant to *inter alia* avoid the transfers of the Property from Mary Nguyen to WLT and Defendant and recover them for the benefit of the Estate pursuant to 11 U.S.C. §§ 548, 550, and 551 as United States Bankruptcy Court for the Central District of California, Santa Ana Division case number 8:23-ap-01035-SC ("Fraudulent Conveyance Action").

30. On June 27, 2024, Judgment was entered in favor of Trustee in the Fraudulent Conveyance Action, whereby *inter alia* Mary Nguyen's transfer of her 50% interest in the Property was avoided, recovered, and preserved for the benefit of the Estate pursuant to 11 U.S.C. §§ 548, 550, and 551 ("Judgment").

31. The Judgment required Debtors and Defendant to immediately turn over the Property to Trustee pursuant to 11 U.S.C. §§ 541(a) and 105(a).

32. Per the Judgment, Trustee has all right, title, and interest to 50% of the Property.

33. The Judgment included a monetary judgment in the amount of $175,000 against Defendant plus pre- and post-judgment interest.

## CLAIM FOR RELIEF

### (For Sale of the Property Pursuant to 11 U.S.C. § 363(h))

34. Trustee re-alleges and incorporates, by this reference thereto, each and every allegation set forth above as though fully set forth herein.

35. Partition in kind of the Property among the Estate and Defendant is impracticable.

36. Sale of the Estate's undivided interest in the Property would realize significantly less for the Estate than sale of the Property free and clear of Defendant's interest in the Property.

37. The benefit to the Estate of the sale of the Property free and clear of Defendant's interest outweighs the detriment, if any, to Defendant.

38. The Property is not being used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

39. Trustee is entitled to a judgment declaring that Trustee may sell the Property free and clear of Defendant's interest in it, with the proceeds of the sale, less the costs and expenses of the sale, to be distributed according to the Estate and Defendant's respective 50% interests in the Property.

WHEREFORE, Trustee respectfully requests entry of judgment declaring that Trustee may sell the Property free and clear of Defendant's interest in it, subject to Bankruptcy Court approval, with the proceeds of the sale, less the costs and expenses of the sale, to be distributed according to the Estate and Defendant's respective 50% interests in the Property, and for such further relief as this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Trustee prays for judgment against Defendant as follows:

1. For entry of a judgment declaring that Trustee may sell 100% of the real property commonly known as 15621, 15625, 15627, 15629 Williams Street, Tustin, California 92780 [APN 402-021-05] free and clear of Defendant's interest in it, subject to Bankruptcy Court approval, with the proceeds of the sale, less the costs and expenses of the sale, to be distributed according to the Estate and Defendant's respective 50% interests in the Property; and

2. For such other and further relief as the Court deems just and proper.

DATED: August 6, 2024                    Respectfully Submitted,

                                                 MALCOLM ♦ CISNEROS, A Law Corporation

                                                 By: */s/ Nathan F. Smith*
                                                      NATHAN F. SMITH
                                                      *Attorneys for Chapter 7 Trustee, Thomas H. Casey*

**B1040 (FORM 1040) (12/15)**

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>THOMAS H. CASEY, solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate of Giang Thanh Dong and Mary Tran Nguyen | **DEFENDANTS**<br>CA PROPMGT LLC, a California limited liability company |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>MALCOLM ♦ CISNEROS, A Law Corporation<br>2112 Business Center Drive, Irvine, CA 92612<br>Telephone: (949) 252-9400 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT FOR SALE OF REAL PROPERTY PURSUANT TO 11 U.S.C. § 363(h)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☒ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>GIANG THANH DONG and MARY TRAN NGUYEN | BANKRUPTCY CASE NO. 8:23-bk-10014-SC | | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL | DIVISION OFFICE<br>SANTA ANA | NAME OF JUDGE<br>Hon. Scott H. Clarkson | |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Nathan F. Smith | | | |
| DATE<br>August 6, 2024 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Nathan F. Smith | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.